## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA, JASPER DIVISION

FILED
2010 APR -8 D 3:24
U.S. DISTRICT
N.D. OF

| | |
|---|---|
| BRENDA WILSON, an individual, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER |
| ) | |
| BRYANT LAFAYETTE & ASSOCIATES, ) | |
| LLC, a corporation, ANTHONY DALLS, an ) | CV-10-PWG-0917-J |
| individual, ) | |
| ) | |
| There may be other entities whose true names ) | **JURY TRIAL DEMANDED** |
| and identities are unknown to the plaintiff at ) | |
| this time, who may be legally responsible for the ) | |
| claim(s) set forth herein and who may be added ) | |
| by amendment by the plaintiff when their true ) | |
| names and identities are accurately ascertained ) | |
| by further discovery. Until that time, the ) | |
| plaintiff will designate these parties in ) | |
| accordance with ARCP 9(h). The word "entity" ) | |
| as used herein is intended to refer to and include ) | |
| any and all legal entities including individual ) | |
| persons, any and all forms of partnership, any ) | |
| and all types of corporations or associations. ) | |
| The symbol by which these fictitious party ) | |
| defendants are designated is intended to include ) | |
| more than one entity in the event that discovery ) | |
| reveals that the descriptive characterizations of ) | |
| the symbol applies to more than one "entity". ) | |
| In the present action, the party defendants ) | |
| which the plaintiff must include by descriptive ) | |
| characterization are as follows: ) | |
| ) | |
| DEFENDANTS A, B and C, the correct ) | |
| designation of the individual, corporation or ) | |
| legal entity known as BRYANT LAFAYETTE &) | |
| ASSOCIATES, LLC; ) | |
| DEFENDANTS D, E, F that person or legal ) | |
| entity who owns, possesses, utilizes, incorporates,) | |
| leases or otherwise uses the following phone ) | |
| numbers: (866) 359-0770, et seq.; ) | |
| DEFENDANTS G, H and I, that person or entity ) | |
| which employs, or uses as agents, the people who ) | |
| own, possess, utilize, incorporate, lease or ) | |

| | |
|---|---|
| otherwise use the following phone numbers in their employment: (866) 359-0770; | ) ) |
| DEFENDANTS J, K and L, that person or entity responsible for training the people who own, possess, utilize, incorporate, lease or otherwise use the following phone numbers in their employment: (866) 359-0770; | ) ) ) ) ) |
| DEFENDANTS M, N and O, that person or entity on whose behalf the following numbers are used in the regular course of business: (866) 359-0770; | ) ) ) ) |
| DEFENDANTS P, Q and R, that person or entity which contacted Brenda Wilson and owns, possesses, utilizes, incorporates, leases or otherwise uses the following phone numbers: (866) 359-0770; | ) ) ) ) ) |
| DEFENDANTS R, S and T, that person or entity which is the successor in interest to the BRYANT LAFAYETTE & ASSOCIATES, LLC | ) ) ) |
| DEFENDANTS U, V and W, that person or entity who authorized BRYANT LAFAYETTE & ASSOCIATES, LLC to contact Brenda Wilson; | ) ) ) ) |
| DEFENDANTS X, Y and Z, those persons employed by BRYANT LAFAYETTE & ASSOCIATES, LLC or a fictitious party defendant who made collection calls to Brenda Wilson; | ) ) ) ) ) |
| DEFENDANTS AA, BB and CC, those persons who issued debt collection letters to Brenda Wilson; | ) ) ) |
| DEFENDANTS DD, EE and FF, that person or entity which authorized, employed, or consented to the contact of Brenda Wilson; | ) ) ) |
| | ) |
| These fictitious parties' true and correct names are otherwise unknown at this time, but will be added by amendment when ascertained; | ) ) ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

This is an action brought by the Plaintiff, BRENDA WILSON, as an individual,

2

for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices. Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. § 1692k (d), and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides within the Jasper Division of the Northern District of Alabama.

## PARTIES

1. The Plaintiff, Brenda Wilson, ("Plaintiff" or "Ms. Wilson") is a resident and citizen of the state of Alabama, Fayette County, Jasper Division, and is over the age of nineteen (19) years. She is a "consumer" as defined by 15 U.S.C. §1692a(3).

2. The Defendant, Bryant Lafayette & Associates, LLC ("the Defendant" or "BLA") is, upon information and belief, incorporated in the state of New York with corporate offices in Buffalo, NY. The Defendant was, in all respects and at all times relevant herein, doing business in the state of Alabama and in this county. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Fayette County, Alabama and is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3. The Defendant, Anthony Dalls, is an employee of Bryant Lafayette & Associates, LLC. Upon information and belief, this person is a resident and citizen of Buffalo, NY and is over the age of nineteen (19) years.

## FACTUAL ALLEGATIONS

4. Beginning in the fall of 2009 the Defendant began a campaign of harassment against the Plaintiff in an attempt to collect an alleged debt.

5. The Plaintiff believes the Defendant was attempting to collect on an $800 loan she obtained from Tyco Finance Co. in the mid 1980's. The last payment made on this account was in the late 1980's.

6. Beginning in the fall of 2009, the Defendant contacted the Plaintiff at home with the intent to harass the plaintiff into paying a debt she allegedly owed. During these phone calls, the Defendant was informed by the Plaintiff that the creditor to

3

whom the debt was allegedly owed closed its doors in the late 1990's and no accounts still exist to the Plaintiff's.

7. When asked for identification, one of the Defendant's employees identified himself as "Anthony Dalls". The other employees refused to identify their name or employer. On several occasions the callers hung up when asked to identify themselves.

8. The Defendant failed to provide verification of the debt to the Plaintiff, despite being asked on numerous occasions. A minimum of five letters were sent to the Plaintiff by the Defendant, none of which comply with the requirements of the FDCPA (see Correspondence attached as EXHIBIT A).

9. The defendant's employees regularly made threats, ridiculed, and harassed the Plaintiff. The Plaintiff was told by Defendant Dalls, "There is nothing you can do now. We will just sue you so go out and sell everything you have to pay us." The Plaintiff was also told, "How come you can pay a lawyer but you can't pay us?" When the Plaintiff attempted to provide the Defendant with contact information for her attorney the employee would hang up and then fail to answer the call back number provided to Ms. Wilson.

10. The Defendants regularly threatened to file a lawsuit, garnish Ms. Wilson's meager income, and put a lien on the Plaintiff's bank account.

11. As a result of the acts alleged above, Plaintiff suffered anxiety, embarrassment, humility, despair, sleeplessness, and other mental anguish. The Plaintiff has suffered raised blood pressure and loss of weight due to the stress of this ordeal.

## COUNT ONE:
## VIOLATION OF THE FAIR DEBT
## COLLECTION PRACTICES ACT

12. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

13. The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

14. The Defendants violated § 1692(b)(1),(2) and (3) by refusing to provide identification information for the person calling, using aliases instead of actual legal names, erroneously stating that the Plaintiff owed a debt, and repeatedly communicating with the Plaintiff after making initial contact.

15. The Defendant violated §1692c(a)(1) and (2) by repeatedly calling the Plaintiff

4

with the intent to harass her into paying the alleged debt, and by continuing to contact the Plaintiff after being informed in writing that she was represented by legal counsel.

16. The Defendant violated § 1692d by engaging in conduct which was designed to harass, oppress and abuse the Plaintiff. This conduct includes but is not limited to the use of obscene and profane language, placing calls without identifying the caller, using aliases, and causing the telephone to ring repeatedly with the sole intent to annoy and harass the Plaintiff.

17. The Defendant used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of § 1692e (2), (3), (4), (5), (9), (10), (11), (12), and (15). This conduct includes misstating the amount of the debt, intentionally misleading the Plaintiff as to the nature of the debt, and misrepresenting the status of the debt.

18. The Defendant violated § 1692f by using unfair and/or unconscionable means to attempt to collect a debt. This conduct includes but is not limited to the actions described in previous paragraphs.

19. The Defendant violated § 1692g(a) by failing to provide the statutory validation notice within 5 days of the initial communication with Plaintiff and by failing to advise the Plaintiff she had 30 days in which to dispute this debt and/or request a verification of the alleged debt in writing.

20. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, embarrassment, anxiety, humility, nervousness, sleeplessness and mental anguish. The Plaintiff has also suffered raised blood pressure and loss of weight due to the stress of this ordeal.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant as follows:

    A.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

    B.    Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

    C.    Actual damages for the Defendant's violations of the FDCPA;

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    E.    Such other and further relief that this Court deems necessary, just and proper.

## COUNT TWO:
## NEGLIGENT TRAINING AND SUPERVISION

21. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

22. The Defendant knew or should have known the legal status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

23. The Defendant knew or should have known that said conduct was improper.

24. Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

25. Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

26. As a result of the Defendant's negligence, the Plaintiff suffered embarrassment, sleeplessness, worry, anxiety, nervousness, and mental anguish. The Plaintiff has also suffered raised blood pressure and loss of weight due to the stress of this ordeal.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant as follows:

   A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

   B. Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

   C. Actual damages for the Defendant's violations of the FDCPA;

   D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

   E. Compensatory and punitive damages against Defendant on Plaintiff' state law claims for damages due to the Defendant's negligent training and supervision, and

   F. Such other and further relief that this Court deems necessary, just and proper.

## COUNT THREE:
## RECKLESS AND WANTON TRAINING AND SUPERVISION

27. The Plaintiff adopts the averments and allegations of all the above paragraphs

6

hereinbefore as if fully set forth herein.

28. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

29. The Defendant knew or should have known that the said conduct was improper and illegal.

30. Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

31. Defendant recklessly and wantonly failed to train and supervise its collectors on the FDCPA as it relates to communications with consumers and third parties.

32. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered fear, worry, anxiety, nervousness, humility, sleeplessness and mental anguish. The Plaintiff has also suffered raised blood pressure and loss of weight due to the stress of this ordeal.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant as follows:

   A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

   B. Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

   C. Actual damages for the Defendant's violations of the FDCPA;

   D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

   E. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Defendant's reckless and wanton training and supervision; and

   F. Such other and further relief that this Court deems necessary, just and proper.

## COUNT FOUR:
## INVASION OF THE RIGHT OF PRIVACY

33. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

34. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

35. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of the Defendant.

36. Said communications constitute the wrongful intrusion into the Plaintiff's solitude and seclusion.

37. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, sleeplessness and mental anguish. The Plaintiff has also suffered raised blood pressure and loss of weight due to the stress of this ordeal.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

E. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Defendant's invasion of the Plaintiff's privacy; and

F. Such other and further relief that this Court deems necessary, just and proper.

### COUNT FIVE:
### RESPONDEAT SUPERIOR

40. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

41. At the time of the acts complained herein, certain fictitious Defendants, as well as Defendant Anthony Dalls, were employees of Defendant BLA.

42. During the ordinary course of business these Fictitious Defendants and Defendant Anthony Dalls engaged in collection activity in violation of the FDCPA.

43. The violations of the FDCPA committed by these Fictitious Defendants served the interest and purposes of Defendant BLA.

44. Defendant BLA is liable for the actions of its employees under the theory of *respondeat superior*.

45. As a proximate consequence of said invasion of said violations of the FDCPA, the Defendants have caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, sleeplessness and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants as follows:

- A. Declaratory judgment that the Defendants conduct violated the FDCPA and state common law claims;

- B. Statutory damages pursuant to 15 U.S.C. § 1692k (FDCPA);

- C. Actual damages for the Defendants' violations of the FDCPA;

- D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

- E. Compensatory and punitive damages against Defendants on Plaintiff's state law claims for damages due to the Defendants' violations of state law claims; and

- F. Such other and further relief that this Court deems necessary, just and proper.

## COUNT SIX: FICTITIOUS PARTY DEFENDANTS

46. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

47. There may be other entities whose true names and identities are unknown to the plaintiff at this time, who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the plaintiffs will designate these parties in accordance with ARCP 9(h).

48. The word "entity" as used herein is intended to refer to and include any  and  all

legal entities including individual persons, any and all forms of partnership, any and all types of corporations or associations. The symbol by which these fictitious party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one "entity".

49. In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

DEFENDANTS A, B and C, the correct designation of the individual, corporation or legal entity known as BRYANT LAFETTE & ASSOCIATES, LLC;

DEFENDANTS D, E, F that person or legal entity who owns, possesses, utilizes, incorporates, leases or otherwise uses the following or similar phone numbers: (866) 359-0770, et seq.;

DEFENDANTS G, H and I, that person or entity which employs, or uses as agents, the people who own, possess, utilize, incorporate, lease or otherwise use the following phone numbers in their employment: (866) 359-0770, et seq.;

DEFENDANTS J, K and L, that person or entity responsible for training the people who own, possess, utilize, incorporate, lease or otherwise use the following phone numbers in their employment: (866) 359-0770, et seq.;

DEFENDANTS M, N and O, that person or entity on whose behalf the following numbers are used in the regular course of business: (866) 359-0770, et seq.;

DEFENDANTS P, Q and R, that person or entity which contacted Brenda Wilson and owns, possesses, utilizes, incorporates, leases or otherwise uses the following phone numbers: (866) 359-0770, et seq.;

DEFENDANTS R, S and T, that person or entity which is the successor in interest to BRYANT LAFAYETTE & ASSOCIATES, LLC;

DEFENDANTS U, V and W, that person or entity who authorized BRYANT LAFAYETTE & ASSOCIATES, LLC to contact Brenda Wilson;

DEFENDANTS X, Y and Z, those persons employed by BRYANT LAFAYETTE & ASSOCIATES, LLC or a fictitious party Defendant who made collection calls to Brenda Wilson;

DEFENDANTS AA, BB and CC, those persons who issued debt collection letters to Brenda Wilson;

DEFENDANTS DD, EE and FF, that person or entity which authorized,

employed, or consented to the contact of Brenda Wilson;

50. These fictitious parties' true and correct names are otherwise unknown at this time, but will be added by amendment when ascertained.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

*/s/ Leah Fuller*
_____
Leah M. Fuller
Attorney for Plaintiff

**OF COUNSEL:**
Fuller Law Firm, LLC
P.O. Box 101883
Birmingham, AL 35210
Tel. (205) 834-8913
Fax (205) 834-8924
lfuller@fullerfirm.com

**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

BRYANT LAFAYETTE & ASSOCIATES
Attn: Aaron Siegel
448 Franklin Street
Buffalo, NY 14224

ANTHONY DALLS
c/o Bryant Lafayette & Associates
448 Franklin Street
Buffalo, NY 14224