# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **BRENDA WILSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 6:10-cv-917-MHH |
| ) | |
| **BRYANT LAFAYETTE &** ) | |
| **ASSOCIATES, LLC, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER OF DISMISSAL

On September 27, 2012, this Court entered an order in which it instructed plaintiff Brenda Wilson, through her counsel, to explain, among other things, whether Ms. Wilson complied with Rule 4(m) of the Federal Rules of Civil Procedure and properly served defendants Bryant Lafayette & Associates, LLC and Anthony Dalls with a copy of the complaint and a summons. (Doc. 11). To date, Ms. Wilson has not responded to the order. Consequently, as discussed in greater detail below, the Court dismisses this matter without prejudice.

**PROCEDURAL AND FACTUAL BACKGROUND**

On April 8, 2010, Ms. Wilson filed a complaint against Bryant Lafayette & Associates, LLC and Anthony Dalls for alleged violations of the Fair Debt

Collection Practices Act ("FDCPA").[1]  (Doc. 1).  The following day, Ms. Wilson attempted to serve both defendants via certified mail.  (April 9, 2010 docket entry).  She addressed the summons and complaint directed to Bryant Lafayette as follows:

>Bryant Lafayette
>ATTN. Aaron Siegel
>448 Franklin Street
>Buffalo, NY 14224

(Doc. 2).  She addressed the summons and complaint directed to Mr. Dalls this way:

>Anthony Dalls
>c/o Bryant Lafayette
>448 Franklin St.
>Buffalo, NY 14224

(Doc. 3).

The signature on the certified mail receipt for the materials addressed to Bryant Lafayette is difficult to read, but it does not appear to say "Aaron Siegel." (Doc. 2).  The signature on the certified mail receipt for the materials addressed to Mr. Dalls appears to match the signature on the receipt for Bryant Lafayette.  (Doc. 3).  Both receipts are dated April 12, 2010.  (*Id.*).  With respect to both defendants, the Clerk's docket sheet states, "served on 4/12/10, answer due 5/3/2010."  (Docs. 2, 3).

---

[1] The FDCPA is codified at 15 U.S.C. § 1692 et seq.

According to the docket sheet, there was no activity in this case between April 2010 and August 2010. On September 10, 2010, Ms. Wilson filed a "Motion for Default Judgment" in which she noted that neither defendant had filed an answer to her complaint. (Doc. 4). In her motion, Ms. Wilson asked the Court to enter a default judgment against both defendants and to set a hearing to determine the amount of the judgment. (Doc. 4, p. 1). The Court denied that motion without prejudice. In its order denying the motion, the Court explained to Ms. Wilson that she "improperly bypassed the necessary precondition of a clerk's entry of default," and she had to obtain an entry of default before the Court could enter judgment on the default. (Doc. 5, pp. 1-2). The Court advised Ms. Wilson that she could re-file her motion for default judgment after she "applied to and obtained a clerk's entry of default against the defendants pursuant to Rule 55(a), *Federal Rules of Civil Procedure*, and waited a reasonable period of time (of at least twenty days) thereafter for the defendants to move to set aside the default." (Doc. 5, p. 2). The Court added, "[t]he plaintiff is responsible for ensuring that the clerk provides notice of an entry of default, if entered, to the defendants at their Buffalo, New York addresses or other addresses available to the plaintiff." (*Id.*).

Shortly after the Court denied her first attempt to obtain a default judgment, Ms. Wilson filed two documents captioned, "Application for Entry of Default

3

Judgment." (Docs. 6, 7). Both applications ask the Court to enter default judgment for Ms. Wilson. (*Id.*). In the process of filing the applications electronically, counsel for Ms. Wilson indicated that she filed an affidavit as an attachment to the applications; however, two blank pages follow each application. (Docs. 6-1, 7-1).

The Court denied these applications because they suffer from the procedural infirmity that plagued Ms. Wilson's earlier motion for entry of default judgment. (Doc. 8). After explaining the two-step procedure that Rule 55 dictates for obtaining a default judgment, the Court instructed:

> The plaintiff is DIRECTED to file an application for entry of default by the clerk under Rule 55(a). The pleading must be in conformity with that Rule. The motion for entry of default must affirmatively recite that counsel has since the entry of this order read Rule 55(a) and (b) and understands the distinction between the entry of default and the default judgment. With that certification and an appropriate affidavit, which presumably will not include blank pages, the clerk will enter a default and AFTER that entry is made, the plaintiff may then seek a default judgment under Rule 55(b)(1) or (b)(2) as she wishes.

(Doc. 8, p. 2).

Nearly ten months after the Court denied Ms. Wilson's applications for entry of default judgment, Ms. Wilson filed a pleading captioned "Motion for Entry of Default" in which she asked the clerk to enter a default against both defendants. (Doc. 9). The docket sheet indicates that counsel for Ms. Wilson supplied an

4

affidavit with the motion; however, the attachment to the motion consists of two blank pages. (*Id.*). The Court noted the error and gave Ms. Wilson one week to correct the filing. (February 9, 2012 docket entry). The docket sheet contains an entry on February 16, 2012 which bears the label, "AFFIDAVIT re 9 MOTION for Entry of Default"; however, the related document is two blank pages, not an affidavit. (Doc. 10).

On September 27, 2012, the Court denied Ms. Wilson's motion for entry of default and ordered Ms. Wilson to explain why the Court should not dismiss her action for want of prosecution. (Doc. 11). The Court identified procedural deficiencies Ms. Wilson's attempts to obtain a default judgment and questioned whether Ms. Wilson had followed the proper procedures for serving the defendants with a summons and a copy of the complaint. (*Id.*). The Court stated that Ms. Wilson could comply with the order by filing another application for an entry of default under Rule 55(a), supported by an affidavit or an unsworn declaration in substantial compliance with 28 U.S.C. § 1746 that demonstrated that each defendant was served with a copy of the complaint and a summons and that the defendants failed to plead or otherwise defend the action. (Doc. 11, p. 8). Alternatively, the order instructed Ms. Wilson to show cause why the Court should not dismiss the action for failure to effect service within 120 days of filing the

5

complaint, "to the extent that [Ms. Wilson] might now doubt that she has properly served either or both of the Defendants (especially Dalls)." (*Id*.). The order states that Ms. Wilson could satisfy this requirement "by showing good cause for failing to timely serve a defendant or that other circumstances justify an extension of the time to effect service." (*Id*.).

The September 27, 2012 order gave Ms. Wilson 14 days to respond. (Doc. 11, p. 8). The order concluded: **"Plaintiff is advised that if she fails to comply, her claims against one or both of the defendants may be subject to dismissal without further notice."** (*Id.*)[1]

To date, Ms. Wilson has not responded to the September 27, 2012 show cause order. Ms. Wilson has neither filed a corrected application for entry of default nor has she explained why the Court should not dismiss this action for failure to properly effect service within 120 days of filing the complaint.

## DISCUSSION

Although federal courts favor disposition of cases on their merits, a court may dismiss an action "if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The Court may invoke this

---

[1] Shortly after the Court entered the September 27, 2012 order, the Clerk re-assigned this case to the undersigned when Chief Magistrate Judge Greene retired. (Doc. 12).

sanction "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Equity Lifestyle Properties*, 556 F.3d at 1240 ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'")(quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

The Court invokes its authority to dismiss this action because Ms. Wilson has failed to prosecute the case, and she has not complied with the Court's September 27, 2012 order. In successive orders, the Court explained to Ms. Wilson the proper procedure for obtaining a default judgment. Ms. Wilson has yet to comply fully with those procedures.[2] In its September 27, 2012 order, the Court also indicated to Ms. Wilson that she may have improperly served a summons and a copy of the complaint on the defendants. (Doc. 11). More than one year has elapsed, and Ms. Wilson has not addressed these deficiencies. The record contains no suggestion that Ms. Wilson has pursued this case in the past year. Therefore, the Court DISMISSES this action without prejudice.

---

[2] The undersigned consulted with the docketing clerk for this case and confirmed that the docketing clerk spoke with counsel for Ms. Wilson and explained why the affidavit that she attempted to provide to the Court in support of her motions for entry of default does not appear in the Court's electronic record.

7

**DONE** and **ORDERED** this November 22, 2013.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE